Halley brought an action of debt against Baird, in the Hustings Court of Petersburg. After an office judgment was confirmed against the defendant and two others, his appearance bail, they became special bail; surrendered their principal to the ser-jeant of the town, who certified that his body was actually in his custody, having been surrendered by the special bail; a writ of habeas corpus was thereupon issued from the clerk’s office of the District Court of Petersburg, for the removal of the cause to that Court; upon which writ the serjeant returned that the defendant was released from his custody, after the receipt of the precept, by giving the bail returned therewith, for his appearance at the District Court, (the same bail in the Hustings Court having again entered special bail for the defendant, in the suit as it stood removed to, and was depending in the District Court.) These proceedings were had between the confirmation of the office judgment at the rules held in the clerk’s office in June, and the quarterly sessions in August, 1800, to which the writ of habeas corpus was produced. At the first term of the District Court, after the suit was removed, (September, 1800,) final judgment was entered up against the defendant, *23 as upon an office judgment not set aside during the term. Upon an execution issued on this judgment, a forthcoming bond was tafeen ; which, being forfeited, a notice was given to the September term of the District Court, 1801, for a judgment and award of execution thereupon. But the District Court overruled the motion to that effect, and directed, that “all the proceedings had subsequent to the return day of the writ of habeas corpus, be set aside, and the suit sent to the rules for further proceedings to be had thereon.” For errors assigned in this judgment, a supersedeas was awarded by this Court.
Randolph, for the plaintiff in error, admitted that a habeas corpus, being in the nature of a writ of right, might be awarded, after a cause had progressed to an office judgment; but contended, that after its removal to the superior Court, it should be there proceeded on from the stage in which it stood in the inferior Court. The practice in England, of commencing de novo, (a) has no weight or authority in *this State; because, there nothing is transmitted but the names of the parties--here the record is as much removed as upon a certiorari, &c. Precedents in England, applying to points of practice, have never been regarded by this Court, (b) unless they have been established so a.s to become a rule of property. Our act of Assembly(c) allows certain fees to clerks for making up complete records upon writs of habeas corpus, &c. By the District Court law,(d) the clerk is to certify the cause of commitment, which can only be done by-certifying the whole proceedings in the cause, not a mere note of the names of the parties, as in England.
There was another point in this cause, viz. that after a judgment, an execution, and a forthcoming bond taken thereupon, the District Court, at a subsequent term, had undertaken to set the judgment aside, when their power over it had ceased, (e) This he considered conclusive for his client; but he wished the practice settled on the other point.
Curia advisare vult.
Thursday, October 16th. The President delivered the opinion of the Court, That there was error in this, that the District Court had no power or jurisdiction to reverse, alter or amend the judgment given at a former term of the said Court, which had been entered on the order book, and signed by a Judge in open Court, or to quash the proceedings in the said suit prior to the said judgment, but ought to have given judgment on the forthcoming bond taken upon the execution which issued upon the former judgment, and was forfeited. Judgment reversed, with costs, and new judgment on the forthcoming bond, as usual, according to law, &c.
Present, Judges Lyons, Carringlon, and Tucker.

 14 Vin. 226: 1 Salk. 352, Fazacharly v. Baldo.

 See 1 Wash. 10. Hudson v. Johnson; Ibid. 300, 302, Minnis. executor of Aylett v. Aylett.

 Rev. Code, vol. 1. c. 115, sect. 2, p. 216, and sect. 6, p. 217.

 Ibid. c. 66, sect. 22, p. 77.

 See Vaughan and Field, &c. v. Freeland, May, 1806, reported in a note to Cogbill v. Cogbill, in the second volume of these reports.